tion originates in any state where he is licensed or conducts his trade or in any state where the publication is circulated? To avoid such problems, the key consideration in determining where a cause of action for libel per se originates for purposes of the borrowing statute is the place of first publication.

 Finally, Finnegan argues that a determination that a multi-state libel per se of an attorney's professional reputation accrues in the state where the attorney is licensed to practice law is consistent with the "significant relationship" rule used to determine which state's substantive laws should apply in a conflict of laws situation. This argument is rejected because Missouri's borrowing statute pre-empts any conflict of laws question. The borrowing statute constitutes a codification by the Missouri Legislature of a conflicts rule. *Dorris v. McClanahan, supra,* 725 S.W.2d at 871; *Gates v. Trans World Airlines,* 493 S.W.2d 668, 669 (Mo.App.1973). The effect of § 516.190 is to adopt and make as Missouri's own the statute of limitations of another state. No conflict of law question is presented when § 516.190 is involved. *Bowling v. S.S. Kresge Co.,* 431 S.W.2d 191, 193 (Mo.1968).

Finnegan cites *Dowd v. Calabrese,* 589 F.Supp. 1206 (D.D.C.1984) in support of his argument. However, *Dowd* is not persuasive authority because in it the federal court having diversity jurisdiction applied conflict of law principles to determine which substantive law to apply. *Dowd* is not persuasive authority because in it the federal court having diversity jurisdiction applied conflict of law principles to determine which substantive law to apply. *Dowd* is not authority for the issues before this court.

Accordingly, the judgment dismissing Finnegan's petition for libel per se due to the bar of the Kansas one-year statute of limitations is affirmed.

All concur.

Ralph Edward BUCK, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. WD 40927.

Missouri Court of Appeals,
Western District.

Feb. 21, 1989.

Elizabeth Clarke, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, C.J., and
LOWENSTEIN and GAITAN, JJ.

ORDER

PER CURIAM.

Appeal from denial of Rule 27.26 motion for postconviction relief.

AFFIRMED. Rule 84.16(b).

Ralph Edward BUCK, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. WD 40926.

Missouri Court of Appeals,
Western District.

March 7, 1989.

Elizabeth Clarke, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before FENNER, P.J., and SHANGLER and BERREY, JJ.

### ORDER

PER CURIAM.

Appeal from denial of Rule 27.26 motion for postconviction relief.

AFFIRMED. Rule 84.16(b).

**Frederick W. TURNER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54423.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 28, 1989.

